NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| HOWARD JOHNSON INTERNATIONAL, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> CUPOLA ENTERPRISES, LLC, a Louisiana Limited Liability Company; and ROBERT DUPRE, an individual, <br><br> Defendants. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civ. Action No. 01-1205(DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Robert Dupre for relief from judgment pursuant to Fed. R. Civ. P. Rule 60(b)(6). Defendant's motion relates to this Court's Order and Opinion dated October 15, 2003, granting summary judgment against Defendant. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions the parties, and based upon the following, it is the finding of the Court that Defendant's motion is **denied**.

### I. Background

Plaintiff commenced this case on March 12, 2001 against Defendants Cupola Enterprises, LLC ("Cupola") and Robert Dupre (Dupre), seeking damages arising out of Defendants' alleged breach of a franchise agreement and Guaranty. The claims against Cupola were stayed as a result of its bankruptcy. The case continued against Dupre as Cupola's Guarantor. On October 15,

2003, this Court entered summary judgment in favor of Plaintiff. The Third Circuit affirmed the decision of the District Court on November 2, 2004. Dupre filed the instant motion for relief from judgment on January 20, 2006.

## II. Standard of Review

Rule 60(b) allows a party to seek relief from a final judgment in a limited set of circumstances, including mistake, excusable neglect, newly discovered evidence, fraud or other reason justifying relief. Fed. R. Civ.P. 60(b). Here, Plaintiff seeks relief under subsection (6) of Rule 60(b), which permits a district court to exercise its discretion to set aside a final judgment for "any other reason justifying relief from the operation of the judgment." Rule 60(b)(6) relief is available only in cases evidencing extraordinary circumstances. Ackermann v. United States, 340 U.S. 193 (1950), Stradley v. Cortez 518 F.2d 488, 493 (3d Cir. 1975). A motion under Rule 60(b)(6) "must be fully substantiated by adequate proof and its exceptional character must be clearly established." FDIC v. Alker, 234 F.2d 113, 116 (3d Cir. 1956). Importantly, Rule 60(b)(6) may not be used as a means to circumvent the time limitations of 60(b)(1)-(3); it is only available upon a demonstration of extraordinary circumstances, and even only then for relief based upon "any other reason" than one which would justify relief under 60(b)(1)-(5). Stradley, 518 F.2d at 493-94.

## III. Discussion

Defendant argues that Rule 60(b)(6) relief is appropriate in the instant matter because the gross neglect of Defendant's prior counsel constitutes extraordinary circumstances such that exceptional relief is appropriate. Plaintiff's oppose Defendant's motion on the grounds that Dupre improperly seeks relief under Rule 60(b)(6), and therefore his motion is time-barred under

Rule 60(b)(1).

Although Dupre's motion for relief from judgment is clearly labeled as being filed pursuant to Rule 60(b)(6), see Def.'s Mot. for Relief from J., the function of a motion, and not the motion's caption, dictates which Rule applies. See Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988)(citing Turner v. Evers, 726 F.2d 112, 114 (3d Cir. 1984)).  Plaintiff opposes Defendant's motion on the grounds that it is a Rule 60(b)(1) motion improperly categorized as a Rule 60(b)(6) motion. Rule 60(b)(6) relief is available only in cases evidencing extraordinary circumstances, Ackermann v. United States, 340 U.S. 193 (1950), Stradley v. Cortez 518 F.2d 488, 493 (3d Cir. 1975), and only when the relief sought is based upon "any other reason" than a reason which would warrant relief under 60(b)(1-5). Federal Deposit Insurance Corp. v. Alker, 234 F.2d 113, 116-17 & n.5 (3d Cir. 1956); Stradley, 518 F.2d at 493.  The distinction is especially important because 60(b)(1) motions are subject to a strict one year statute of limitations.  As a result, the Court will consider whether Dupre's motion should be construed under Rule 60(b)(1) or Rule 60(b)(6).

Rule 60(b)(1) authorizes a Court to relieve a party from a final order for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. Pr. 60(b)(1).  However, relief under Rule 60(b)(1) is limited to motions made "not more than one year after the judgment, order, or proceeding, was entered or taken."  The instant motion for relief from final judgment was filed more than one year after the final decision by the Third Circuit, and would therefore be time-barred under Rule 60(b)(1).

Rule 60(b)(6) permits a District Court to exercise its discretion to set aside a final judgment for "any other reason justifying relief from the operation of the judgment."  Under Rule

60(b)(6), relief is not limited by a defined time period but rather relief can be afforded under this rule if it is sought "within a reasonable time." Stradley v. Cortez, 518 F.2d 488, 493. (1975). However, "Rule 60(b)(6) is not intended as a means by which the time limitations of 60(b)(1-3) may be circumvented."  Id.  As such, Rule 60(b)(6) relief is available only in cases evidencing extraordinary circumstances, Ackermann v. United States, 340 U.S. 193 (1950), Stradley v. Cortez 518 F.2d 488, 493 (3d Cir. 1975), and only when the relief sought is based upon "any other reason" than a reason which would warrant relief under 60(b)(1-5). Federal Deposit Insurance Corp. v. Alker, 234 F.2d 113, 116-17 & n.5 (3d Cir. 1956).  Stradley, 518 F.2d at 493.

Here, Dupre seeks relief from this Court's entry of summary judgment for what he terms "gross neglect" of counsel.  Since he contends this goes beyond "excusable neglect" (relief available under Rule 60(b)(1)), Dupre contends that Rule 60(b)(6) is the proper vehicle for the requested relief.  Plaintiffs, however, argue that the relief Dupre is seeking does indeed fall within the province of Rule 60(b)(1) and is thus time barred.  This Court agrees.

It is well established that "clients must be held accountable for the acts and omissions of their attorneys." Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 396 (1993). Here, Dupre is challenging this Court's October 15, 2003 Opinion and Order on the grounds that his attorney failed to challenge the authenticity of the guaranty in any of the pleadings.  Assuming for the sake of argument that this is true, Dupre's claim is one for attorney negligence and not one of gross neglect.  Nor has Dupre alleged any facts that support a finding of extraordinary circumstances warranting relief.  Rather, the record indicates that Dupre's attorney dedicated significant time and effort to this case, engaging in motion practice, discovery,

appearance at trial and briefing of appeal. Furthermore, with respect to Dupre's claims regarding the Guaranty, in July 2001, Dupre submitted an affidavit to this Court in support of a motion to dismiss or transfer venue in which he swore that he had signed the Guaranty and that the Guaranty he signed was attached to his affidavit. (See Ackerly Cert., Ex. A, ¶2). One year later, in July 2002, Dupre answered Interrogatories in which he swore that he had entered into the Guaranty. (Ackerly Cert., Ex. C, Resp 9-10). In sum, Dupre does not state a claim for gross neglect of counsel. As such, Dupre's claim for relief properly falls within Rule 60(b)(1) and not within the catch-all provision of 60(b)(6). Therefore, Dupre's motion is time barred.

## IV. Conclusion

For the reasons stated, it is the finding of this Court that Defendant Robert Dupre's motion for relief from judgment is **denied**. An appropriate Order accompanies this Opinion.

   S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:     March 9, 2006
Original:  Clerk's Office
Copies:   All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File